J. DENIS MORAN Director of State Courts
On behalf of the clerks of circuit court throughout Wisconsin, you have requested an opinion on several questions regarding the application of section 814.61 (13), Stats. Section 814.61 lists the fees which the clerk of court shall collect in civil actions. 1985 Wisconsin Act 29 created section 814.61 (13) which authorizes the following fee:
 For the cost to the county of administering s. 46.25, whenever a person not receiving aid under s. 49.19, 49.46 or 49.47 files a petition requesting child support, maintenance or family support payments, $10 in addition to any other fee required under this section. This subsection does not apply to a petition filed by the state or its delegate. *Page 2 
Your first three questions are:
 In an action to enforce the payment of child support, maintenance, or family support under section 767.305, statutes, does the motion or application of a party for such enforcement constitute the filing of a petition for support or maintenance as contemplated under section 814.61 (13), and therefore require the payment of the $10.00 fee?
 In an action to revise a judgment for support or maintenance under section 767.32, statutes, does a petition for revision of judgment requesting a change in the amount of support or maintenance constitute a petition for support or maintenance as contemplated by section 814.61 (13), statutes, and therefore require the payment of the $10.00 fee?
 When a party makes application to the family court commissioner or judge under section 767.33, statutes, for an annual adjustment in child support, does such application constitute a petition for support or maintenance as contemplated by section 814.61 (13), statutes, and therefore require the payment of the $10.00 fee?
For the reasons hereafter set forth, my answer to all three questions is no.
The newly created fee under section 814.61 (13) is designed to defray the cost of administering the child and spousal support program established pursuant to section 46.25. The $10 payment is collected in addition to any other fee required under that section but it clearly is to be collected only when a petition requests child or spousal support.
The specific reference to a "petition" limits the applicability of this fee to an initial request for such support. Section 767.085 makes it clear that actions affecting the family are commenced with the filing of a petition, the contents of which are to comply with that section. The court's determination concerning liability for this support may be enforced in a number of ways including the enforcement mechanisms provided under section 767.30. Sec. 767.08 (2)(c), Stats.
The actions to which you refer in your first three questions are enforcement mechanisms or attempts at revising or adjusting the support obligation after the initial petition has been filed and jurisdiction *Page 3 
assumed. Section 767.05 (4) provides that a petition is the same as a "complaint" as the latter term is used elsewhere in the statutes. A petition differs from a motion in that a motion is not initiatory and may be made orally.
It does not seem logical that the Legislature would require the payment of an additional $10 every time one of the parties sought an adjustment or some other action on the obligation. If the Legislature had so intended to act, it could have done so in clear and unambiguous terms. It is my opinion, therefore, that this additional fee applies only to a petition which originally requests child support, maintenance or family support payments.
You next ask the following two questions:
 Does a response which requests support or maintenance as relief filed by a respondent in an action affecting the family constitute a petition for support or maintenance as contemplated under section 814.61 (13), statutes, and therefore require the payment of the $10.00 fee by the respondent?
 If the answer . . . is yes, is the respondent required to pay the $10.00 fee even when the petitioner in the action has paid the $10.00 fee?
If a response requests support or maintenance, it acts as a form of counterclaim. A counterclaim is asserted as a written pleading which initiates a claim for affirmative relief. See secs. 802.01 and802.02, Stats. If this constitutes the initial request for child or spousal support, it is my opinion that the $10 fee is applicable.
It is my further opinion that the respondent is not required to pay the $10 fee when the petitioner already has paid a $10 fee. Although this question is not free from doubt and a contrary conclusion easily can be supported, I find it less logical to assume that the Legislature intended that more than $10 was necessary for the administration costs of any case dealing with such child support, maintenance or family support. Therefore, my answer to this question is consistent with my answer to the first three questions. Again it would have been easy for the Legislature to specifically provide for the payment of fees by both parties in clear and unambiguous terms.
Your next concern and the two questions resulting therefrom are: *Page 4 
 In light of the limitations on disclosure of information regarding applicants and recipients of general relief under section 49.53, statutes, it is difficult for a clerk of circuit court to determine whether a petitioner filing a petition for support or maintenance is receiving aid under section 49.19, 49.46, or 49.47, statutes.
 Does a clerk of circuit court have the authority to require oral or written confirmation of receipt of aid by a petitioner from the agency administering aid for waiver of the $10.00 fee?
 Does the clerk of circuit court have the authority to require an affidavit from the petitioner regarding the receipt of aid for waiver of the $10.00 fee?
It is my opinion that the clerk has the authority to require oral or written confirmation of the receipt of aid by petitioner from the agency administering aid for waiver of the $10 fee. Clearly child support or paternity proceedings are "directly connected with the administration" of the public assistance programs to which reference is made. State ex rel. Dombrowski v.Moser, 113 Wis.2d 296, 301-03, 334 N.W.2d 878 (1983). This does not mean, however, that any state agency or officer is authorized to receive information concerning public assistance payments. See 69 Op. Att'y Gen. 96 (1980).
The clerk does not have the authority to require an affidavit from the petitioner regarding the receipt of aid in the absence of a clear statutory mandate that such an affidavit be provided. However, in most or all instances, the petitioner probably will voluntarily submit an affidavit pursuant to section 814.29
seeking approval from the court to file all papers without payment of any fee based upon indigency.
Your last question is:
 Can the clerk of circuit court refuse to accept the filing of an original petition requesting support or maintenance until the $10.00 fee is paid or satisfactory proof of receipt of aid (as defined by the answers to questions 5a and 5b above) is presented by the petitioner?
The clerk may refuse to accept any paper for filing or recording until the fee prescribed in subchapter II of chapter 814 or any other applicable statute is paid. Sec. 59.42 (1), Stats. The requirement under section 814.61 (13) that the clerk collect the $10 "in addition *Page 5 
to any other fee required under this section" is a clear indication that this separate fee normally would be covered under section 59.42 (1). However, the clerk cannot refuse to accept the filing of an original petition because of the limited exception in section 767.08 (2)(d) which applies to those persons specifically authorized to commence support actions under section 767.08:
 In any such support action there shall be no filing fee or other costs taxable to the person's spouse, the minor child, the person with legal custody or the nonlegally responsible relative, but after the action has been commenced and filed the court may direct that any part of or all fees and costs incurred shall be paid by either party.
Based upon this exception, therefore, the clerk can determine the amount of the fees and costs normally payable but cannot collect these amounts until the court directs payment.
BCL:DPJ *Page 6